GARRISON, Judge.
The defendant in the case at hand, Rene Dairies, was found guilty of possession of heroin with intent to distribute. He was sentenced to life imprisonment at hard labor without benefit of probation parole or suspension of sentence. Appeal briefs were filed by both defense appeal counsel and the defendant, pro se.
On September 25, 1986, the New Orleans Police Department received information that the defendant was conducting drug transactions in the 600 block of South Lopez Street in New Orleans, Louisiana. As a result of this information, three NOPD officers conducted surveillance of the area beginning at 1:30 p.m. of the same day.
At 1:45 p.m. the officers observed a man drive up and approach the defendant, who was behind a tree. He then exchanged something with the defendant and left. This same scenario was repeated with another individual. The officers followed this second car. They pulled the car over. The driver of the ear placed a small packet of foil in his mouth and tried to swallow it. It was retrieved by the officers. This packet was later found to contain heroin.
Upon returning to the surveillance, they observed a truck stop and watched the driver alight from the vehicle. The driver approached a man, co-defendant George Griffin, who led him to another man, co-defendant Louis Verrett. Verrett led the driver to the defendant, where another *970 transaction occurred. Again the police followed and stopped the driver. Again, tin foil wrapped heroin was found.
The officers then returned to the 600 block of South Lopez and arrested Dairies, Verrett and Griffin. A film cannister containing thirteen tin foil wrapped packets of heroin was found behind the tree.
A review of the case for errors patent reveals that the trial court erred in requiring that the defendant’s sentence be served without benefit of parole under 'LSA-R.S. 40:966(B)(1). R.S. 40:966(B)(1) states that “[the defendant] shall be sentenced to life imprisonment at hard labor without benefit of probation or suspension of sentence and may, in addition, be required to pay a fine of not more than fifteen thousand dollars.” There is no authorization for the sentence to be served without benefit of parole. State v. Dickerson, 538 So.2d 1063 (La.App. 4th Cir.1989). Accordingly, that segment of the sentence is deleted.
The defense counsel’s appeal brief sets forth the argument above as the only assignment of error.
The defendant raises nine assignments of error in his pro se appeal. They are set forth and discussed below.
In his first assignment of error, the defendant argues that the trial court erred in forcing him to go to trial with an indigent defender attorney as his co-counsel.
According to the defendant, he became dissatisfied with his indigent defense attorney’s representation of him at a motion hearing on October 18, 1988 due to the fact that his attorney agreed with the State that the defendant was not entitled to obtain certain information that would allegedly allow him to impeach the testimony of police officers testifying for the State.
As a result of his dissatisfaction, the defendant filed a “motion for self-representation”. The trial court granted the motion allowing the defendant to represent himself at trial on the condition that his defense attorney serve as co-counsel.
He now contends that the trial court erred in allowing his attorney to serve as co-counsel. This assignment is without merit as the defendant fails to assert any prejudice arising from this situation.
The second assignment of error asserts that the trial court denied him the right to call witnesses on his behalf, specifically an employee of Diamond Datsun and NOPD Officer Clarke. The court granted the defendant’s motion to make a state witness a defense witness, namely the Dat-sun employee. However, the defendant failed to request a subpeona to secure his presence. The trial transcript indicates that the defendant did call Officer Clarke to testify. Therefore, this second argument is also without merit.
The defendant contends that the trial court erred in allowing the State to cross-examine him regarding the particulars of a prior conviction when the defendant took the stand. The defendant admitted to having a prior burglary conviction. Once again the defendant fails to indicate how he was prejudiced.
In his fourth assignment of error, the defense contends that the trial court erred in allowing the State to introduce at trial evidence not seized during defendant’s arrest. After defendant was arrested, Officer Clark returned to the tree behind which defendant was selling drugs and retrieved a film cannister containing thirteen folded pieces of tin foil containing heroin and introduced at trial as State Exhibit No. 4. At trial Officer Clarke at first testified that the color of the substance in the tin foil packets was white. He later testified that he did not remember the color of the heroin. Officer Waguespack, the State’s narcotics expert, who had tested the packets for presence of heroin, testified that the color of the substance tested was brown. Because of the difference in testimony regarding the color of the heroin the defendant suggests that the heroin introduced at trial and tested by Officer Waguespack was not what was seized by Officer Clarke.
A review of the testimony at trial reveals that Officer Clarke, once he seized the thirteen packets, sealed the packets in a plastic *971 bag, initialed and dated the bag and turned it over to Central Evidence Department. Officer Neal retrieved this bag from the locked Central Evidence room and took it to Officer Waguespack for analysis. This testimony indicates that the evidence introduced at trial was the same evidence seized from the tree. Thus, we find that this assignment of error has no merit.
The fifth assignment of error alleges that the trial court erred in not “honoring its own court order”. The order alluded to was issued on October 9, 1988 and ordered the sheriff to place the defendant in a cell in which he would have access to legal material whereby he could prepare his defense. The defendant contends that this order was not met and he was unable to prepare his defense.[1] We believe that this issue would best be addressed via an application for post conviction relief where a hearing could be conducted on the merits of the defendant’s claim, and therefore decline to rule on this assignment of error.
The defendant contends that the trial court was in error in refusing his motion to have the jury view the scene of the crime. This decision was well within the trial court’s discretion. Having reviewed the trial transcript, the trial court’s decision was not erroneous and, therefore, this claim is without merit.
In his seventh assignment of error, the defendant asserts that the trial court should have ordered a mistrial because he was not given certain police reports prior to trial as they may have contained Brady material. There is nothing in the record to suggest that this is the case nor does the defendant give reasons for this belief.
The defendant contends that the trial court erred in allowing him to represent himself without demonstrating for the record that defendant’s waiver of counsel constituted a knowing and intelligent waiver of counsel.
The defendant became dissatisfied with the attorney appointed to represent him by the indigent defender board and, on his own accord, filed a motion for self-representation. The trial court granted the motion on defendant’s specific request to represent himself on the condition that his attorney serve as co-counsel with him. The defendant now challenges the court’s granting of what he himself sought. He additionally does not allege how he was prejudiced by representing himself with co-counsel. Under these circumstances, we find this assignment of error to be without merit.
The defendant in his final assignment of error contends that the court reporter altered the trial transcript. Gwen Serpas, the court reporter, certifies that the trial transcript is a true and accurate transcription of the trial testimony. Whether the transcript has been altered cannot be determined from the record now before the Court. A comparison would have to be made between the tape of the testimony and the transcript. Thus this is an issue best dealt with in an application for post-conviction relief.
Based on the aforementioned reasons, we' affirm the trial court’s conviction and sentence deleting that portion which requires the defendant to serve his sentence without benefit of parole.
AFFIRMED AND AMENDED.

. The defendant indicates that he has already raised this issue once to the Louisiana Supreme Court who referred it to this Court, who, in turn, referred it to the trial court. According to the defendant the trial court found that there was no evidence that his order had not been complied with.